COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-220-CR

 

 

KENNETH DWAYNE SPRADLIN                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury
convicted Appellant Kenneth Dwayne Spradlin of indecency with a child by
contact and assessed his punishment at five years=
confinement.  The trial court sentenced
him accordingly.  In one point, Appellant
contends that the trial court erred by Aapplying
state evidentiary rule thereby denying [him] the constitutional right to fully
confront his accuser by questioning her about her possible motives, bias, and
prejudice to such an extent that [he] could not present a vital defensive
theory.@  Because we hold that the trial court did not
abuse its discretion by excluding the proffered evidence, we affirm the trial
court=s
judgment.

Outside
the presence of the jury, Appellant offered evidence of a prior sexual abuse
complaint made by the complainant against Christopher Mark Cain.  The complainant testified outside the jury=s
presence that Cain had been a family friend, that she had told her school
counselor in Granbury that he had molested her, that she had never recanted,
that she had never told Child Protective Services (CPS) that it had not
happened, that the police never talked to her about the allegations, and that
the incident Areally happened.@








Cain
testified outside the jury=s
presence that the complainant and her family had lived with his aunt in Johnson
County, that the complainant=s
family  members were Aback
stabbers,@ and that in late 2004 or 2005,
a CPS caseworker called him and said Athat
there was a case against [him] through them on supposedly touching [the
complainant in the] wrong way.@  He testified that he had denied the allegation
and never heard anymore about it from CPS or the complainant=s
family.  He contended that the
complainant=s family fabricated the
allegation against him because he had stopped helping them.  On cross-examination, when asked whether it
was his testimony that he had never touched the complainant at all, even
innocently, he answered, APretty much.@  He also admitted that he had been arrested
for indecency with a child, apparently involving another child.

Finally,
the defense also offered Katy Love=s grand
jury testimony outside the jury=s
presence.  Her testimony provides that
she had been a CPS investigator in Johnson County for a little more than three
years and that she had never heard the complainant make an outcry against
anyone other than Appellant.  Love also
testified that she was not aware of the complainant ever recanting any
allegation of sexual abuse or of any tape containing a recantation.

Appellant
explained that he wanted to put the evidence

on the record and show the Court that she did recant and that that=s why [Cain] wasn=t prosecuted because of
her recantation.  And we believe the fact
that she said it and the fact that it got recanted is admissible to show her
habit, her motive for reasons for making this story up against my client.

 

The trial court excluded all the
evidence regarding the prior complaint. 
Later, Appellant=s trial counsel Aassert[ed]
one more time the defense[>s]
desire to ask those questions that were asked of [the complainant] outside the
presence of the jury and also the testimony of Christopher Cain and [Love=s grand
jury testimony] before the jury.@  The trial court again excluded the
evidence.  That afternoon, the jury
received the case.  The next morning,
Appellant filed a motion to allow extrinsic evidence, raising a constitutional
complaint.








We agree
with the State that Appellant=s motion
to allow extrinsic evidence was untimely and that his constitutional complaint
was not preserved, but we believe that his earlier objections sufficiently
preserved his complaints under rules 404(b) and 412.[2]  However, nothing in the proffered evidence
indicates that the complainant recanted her accusations against Cain or that
the child had a motive to make up accusations against Appellant, who admitted
to former Texas DPS Officer Tony Scorcio that he had kissed the complainant on
numerous occasions and stated that he Amight
have@ touched
her breast.  We therefore hold that the
trial court did not abuse its discretion by excluding the proffered evidence.[3]

We
consequently overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 29, 2010











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. Evid. 404(b),
412(b)(2), (c).





[3]See Casey v. State, 215 S.W.3d 870, 879
(Tex. Crim. App. 2007); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1991) (op. on reh=g).